SAMUEL SCHLISKE, RELATOR, v. FIREMEN'S AND POLICE-MEN'S PENSION FUND COMMISSION OF THE CITY OF JERSEY CITY (NEW JERSEY), RESPONDENT.

Submitted May 1, 1945—Decided September 24, 1945.

Before Justices DONGES, HEHER and COLIE.

For the relator, *Robert H. Brenner.*

For the respondent, *Charles A. Rooney (Charles Hershenstein* and *John F. Lynch, Jr.,* of counsel).

The opinion of the court was delivered by

COLIE, J.  Relator, Samuel Schliske, holds a rule to show cause why a peremptory writ of *mandamus* should not issue

directing the Firemen's and Policemen's Pension Fund Commission of the City of Jersey City to pass an appropriate resolution retiring relator and granting him a pension.

The stipulation of facts in lieu of depositions discloses that relator is fifty-three years of age and served continuously in the police department of the City of Jersey City for a period of more than twenty years at the time of the action here taken. On May 4th, 1942, he made written application in accordance with the provisions of *R. S.* 43:16–1 for a pension. Thereafter, he made three additional requests, the last on August 25th, 1943, in which he requested that his retirement be effective as of September 1st, 1943. On that date, relator did not report for duty and a lieutenant and sergeant of the force visited him at his home to ascertain the reason therefor. Relator advised the officers that he considered himself retired; whereupon, acting under orders, they suspended him and took his police equipment. Charges of being absent without leave were prepared and served upon relator and a hearing set for September 29th, at which relator did not appear. The trial proceeded and decision was reserved. Thereafter, on October 15th a superior officer went to relator's home and instructed him to report for duty, which he refused to do. Charges of willful disobedience were then filed and served and set down for hearing on October 21st, 1943, at which trial relator again did not appear. He was found guilty of the charges of absence without leave and willful disobedience and discharged from the department. An appeal to the Civil Service Commission was dismissed by that body. *Certiorari* was allowed to review the actions of the Director of Public Safety and of the Civil Service Commission in dismissing relator from the force and in dismissing the appeal from that order.

The applicable statute in this case is *R. S.* 43:16–1 which reads, so far as here pertinent: "In all municipalities any policeman * * * or member of the police * * * department * * * who shall have served honorably in the police * * * department for a period of twenty years and reached the age of fifty years, shall, on his own application, be retired on half pay * * *." Relator, Schliske, had

served the requisite period of twenty years and had attained the age of fifty, and at the time of each of his applications for a pension, was a member of the police department. In *Beronio v. Pension Commission of Hoboken,* 129 *N. J. L.* 557, this court held that under the clear mandate of the aforesaid statute, the then relator, Beronio, had a right to retirement and there is no discretionary right in the pension commission of the municipality to deny the application *or to withhold action* thereon, and a peremptory writ of *mandamus* issued to compel the pension commission to grant the application. On appeal to the Court of Errors and Appeals the judgment of the Supreme Court was affirmed, 130 *N. J. L.* 620.

In the instant case, it will be noted that the pension committee failed to act on relator's application for more than one year and three months. More than a year and five months elapsed after the application before he was discharged from the department. At any time from the date of filing of the first application on May 4th, 1942, until he was discharged October 21st, 1943, relator might have applied for and would have been allowed a writ of *mandamus,* and that he did not do so and continued to serve and receive his pay in the police department until September 1st, 1943, did not operate to the disadvantage of the department. In fact, the contrary is so. We fail to see in what way respondent's claim of laches on the part of relator can have been harmful to respondent. It is next argued by respondent that the relator's right is not clear. This court is, of course, bound by the decision in *Beronio v. Pension Commission* of *Hoboken, supra.* A peremptory writ of *mandamus* will issue, with costs.